**In the Matter of Stephen G. DRENDALL, Respondent.**

No. 71S00–1502–DI–70.

Supreme Court of Indiana.

Nov. 4, 2015.

*PUBLISHED ORDER ACCEPTING CONSENT TO DISCIPLINE AND IMPOSING DISCIPLINE*

The Indiana Supreme Court Disciplinary Commission filed a "Verified Complaint for Disciplinary Action" against Respondent. Respondent has tendered to this Court an affidavit of consent to discipline, pursuant to Indiana Admission and Discipline Rule 23(17), acknowledging that the material facts alleged in the complaint are true and consenting to discipline to be determined by this Court. Having reviewed the complaint, the affidavit, and the briefs of the parties, the Court concludes that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** A few days after the custodial mother of a five-year-old child died, maternal relatives consulted with Respondent regarding the maternal grandparents' desire to obtain custody of the child and return with the child to the grandparents'

native Kenya following the mother's memorial service in South Bend. The child's father lived out-of-state, was in arrears on support, and had had very little contact with the child during the last three years.

Respondent filed a motion in the St. Joseph Probate Court seeking leave for the grandparents to intervene and an award of custody to the grandparents. Respondent did not serve the motion on the father. At Respondent's request a hearing was held two days after the motion was filed. Respondent did not provide the father with notice of the hearing, nor did he request the court to postpone the hearing in order to give the father a chance to be heard. Respondent also did not allege that emergency judicial relief without written or oral notice to the father was authorized. *See* Trial Rule 65(B) (requiring, among other things, that an applicant's attorney certify to the court in writing the efforts made to provide notice to an adverse party or the reasons why such notice should not be required). Following the hearing, the probate court awarded the grandparents custody of the child, and thereafter the grandparents returned to Kenya with the child.

The father later filed a motion to correct error and to set aside the order awarding grandparents custody. The grandparents returned from Kenya with the child for a hearing, after which the probate court granted the father's motion and held that the father should be the child's primary custodian. (In their briefs, the parties indicate that the father later chose to relinquish custody and that the child returned with the grandparents to Kenya, where he has remained).

**Violations:** Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

3.5(b): Communicating ex parte with a judge during a proceeding unless authorized to do so by law or court order.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

8.4(f): Assisting a judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.

**Discipline:** Having carefully considered the parties' submissions, we conclude that under the circumstances of this case a public reprimand is the appropriate discipline. For Respondent's professional misconduct, the Court imposes **a public reprimand.**

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur.